

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00646-CR

Jimmy Rodgers **WHARTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A14443
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 7, 2016

AFFIRMED

Jimmy Rodgers Wharton pled guilty to arson and was sentenced to twenty-five years' imprisonment pursuant to a plea bargain agreement. The trial court granted Wharton permission to appeal the voluntariness of his plea on the grounds raised in his motion to withdraw his plea. On appeal, Wharton contends his plea was involuntary because when he entered his plea he did not have: (1) his expert's report regarding the cause of the fire; or (2) exculpatory information developed after his plea involving a second offense which was dismissed as part of the plea bargain. We affirm the trial court's judgment.

## BACKGROUND

On March 26, 2015, Wharton pled guilty to arson pursuant to a plea bargain agreement. Under the terms of the agreement, Wharton's sentence was capped at thirty years' imprisonment and the State agreed to dismiss a second indictment for solicitation of capital murder. The court admonished Wharton, accepted the plea, approved the plea agreement, ordered a presentence investigation report, and set a date for sentencing.

On March 27, 2015, Wharton filed a motion to withdraw his plea, stating his attorney received a report from a forensic fire expert upon returning to his office after the plea hearing. The expert opined the fire could not have been caused in the manner alleged by the State. Wharton informed his attorney he would not have pled guilty if he had been in receipt of the report. On March 30, 2015, the trial court held a hearing and denied the motion.

On August 20, 2015, Wharton filed a first amended motion to withdraw his plea, stating that on July 29, 2015, the State videotaped an interview with a jailhouse informant who was the primary witness in the solicitation of capital murder charge. The motion stated the informant referred to "using manipulation tactics to get [Wharton] to agree and/or to commit to him that he supposedly wanted him to get rid of his wife." The motion further stated Wharton would not have pled guilty if this information had been available to him at the time he entered his plea. On September 3, 2015, the trial court held a hearing and denied the motion.

On September 18, 2015, the trial court held a sentencing hearing and sentenced Wharton to twenty-five years' imprisonment. The trial court granted Wharton permission to appeal the voluntariness of his plea.

## STANDARD OF REVIEW

"Whether to allow withdrawal of a plea pursuant to a motion filed after the judge has taken the case under advisement is within the sound discretion of the trial court." *Moreno v. State*, 90

S.W.3d 887, 889 (Tex. App.—San Antonio 2002, no pet.). "Once the trial judge has admonished the defendant, received the plea, and received evidence, the passage of the case for a presentence investigation constitutes taking the case under advisement." *Id*. Because Wharton did not file his motion to withdraw his plea until after the case was taken under advisement, "we review the court's decision under an abuse of discretion standard." *Id*. A trial court does not abuse its discretion unless its ruling lies outside the zone of reasonable disagreement." *Id*.

### VOLUNTARINESS OF THE PLEA

Because a guilty plea entails a waiver of several federal constitutional rights, due process requires the plea to be voluntary and that the defendant have sufficient awareness of the consequences. *Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016). "[S]ufficient awareness does not require complete knowledge of the prosecution's case," and a guilty plea does not violate due process "even when the defendant enters it while operating under various misapprehensions about the nature or the strength of the State's case against him — for example . . . misjudging the availability of a potential defense." *Id*. at 807-08. Similarly, a guilty plea does not violate due process "because it later develops that the State would have had a weaker case than the defendant thought." *Id*. at 808. For example, in *Ex parte Palmberg*, the Texas Court of Criminal Appeals held the defendant's plea was knowingly and intelligently entered even though the defendant was unaware the crime laboratory was unable to test the cocaine seized from the defendant because the officer used the entire substance in conducting a field test. *Id*. at 811-12. The court noted the record did not establish the defendant mistakenly believed he was guilty but only that the defendant "may have overestimated the State's ability to ultimately *prove* he was guilty." *Id*. at 811 (emphasis in original).

"Naturally, the more information the defendant acquires beforehand about the prosecution's case, the better informed his decision to plead guilty will be, providing him the

opportunity to make a 'wise' plea." *Id*. at 809. "But even if the defendant is less well-informed, as long as he has a sufficient awareness of his circumstances—including an awareness that some facts simply remain unknown to him or are undetermined as of the time of the plea—his potentially unwise plea is still a voluntary one." *Id*. "The correct question for due process purposes is not whether [Wharton] knew every fact relevant to the prosecution of his case. Rather, the correct question is whether he was aware of sufficient facts—including an awareness that there are or may be facts that he does not *yet* know—to make an informed and voluntary plea." *Id*. (emphasis in original). "Simply put, a requirement that a defendant be completely informed about every fact relevant to his prosecution at the time of his plea (even facts that no one directly involved in the plea process—*including the prosecutor*—could possibly yet know) would impose an untenable and undesirable burden on the institution of plea bargaining." *Id*. at 809-10. (emphasis in original).

With regard to the forensic fire expert's report, Wharton's attorney specifically referenced the missing report in questioning Wharton about his plea during the plea proceeding as follows:

> [DEFENSE ATTORNEY]: And we've gone over the offense reports with you. Also, we had retained a forensic fire expert that was going to be helping us prepare for trial. We don't have a report from them yet. But I had kept you abreast of the information that I had been sharing with them; is that correct?
> THE DEFENDANT: Yes, sir.

During the hearing on his motion to withdraw, Wharton further admitted that prior to his plea, his attorney informed him the forensic fire expert believed the arson investigation was inadequate. Accordingly, at the time of his plea, Wharton was aware there "may be facts that he [did] not *yet* know." *Id*. at 809 (emphasis in original). Therefore, the trial court did not abuse its discretion in denying Wharton's motion to withdraw his plea based on the additional facts contained in the forensic fire expert's report.

Similarly, with regard to the statements the informant made in the interview conducted after Wharton's plea, Wharton was aware when he entered his plea that the solicitation charge was

based on Wharton's conversations with a jailhouse informant. In fact, as the prosecutor noted during the hearing on the motion to withdraw, because Wharton was a party to those conversations, he had complete information regarding what transpired. Although the informant's admission that he manipulated Wharton may have weakened the State's case, Wharton was already aware the informant could have credibility issues. Therefore, the trial court did not abuse its discretion in denying Wharton's motion to withdraw his plea simply because the subsequent interview revealed "the State [might] have had a weaker case than [Wharton] thought." *Id*. at 808; *see also United States v. Ruiz*, 536 U.S. 622, 625, 633 (2002) (holding plea not involuntary if prosecutor withholds impeachment information relating to informants or other witnesses).

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH